Filed 11/30/22  P. v. Garrett CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E079663 |
| v. | (Super. Ct. No. RIF1204443) |
| DAVID GARRETT, JR., | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  John D. Molloy and *Becky L. Dugan, Judges.  Dismissed.

James M. Crawford, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

1

*Retired judge of the Riverside Superior Court assigned by the Chief Justice pursuant to article VI, § 6 of the California Constitution.

# I.

## INTRODUCTION

Defendant and appellant David Garrett appeals from a postjudgment order denying his Penal Code[1] section 1172.6 (formerly section 1170.95)[2] petition for resentencing under the procedures established by Senate Bill Nos. 775 and 1437. Counsel has filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) and *Anders v. California* (1967) 386 U.S. 738 (*Anders*), requesting this court to conduct an independent review of the record. In addition, defendant has had an opportunity to file a supplemental brief with this court and has not done so. Because defendant is not entitled to *Wende/Anders* review from denial of the challenged postjudgment motion, and neither he nor his counsel has raised any claim of error in the denial, we dismiss his appeal as abandoned.

# II.

## PROCEDURAL BACKGROUND

On January 28, 2014, pursuant to a plea agreement, defendant pleaded guilty to one count of assault by means of force likely to produce great bodily injury (§245, subd. (a)(4); count 4), one count of robbery (§211; count 6), and three counts of attempted robbery (§§ 664/211; counts 12, 13, and 14). In addition, as to count 4, defendant

---

[1] All future statutory references are to the Penal Code.

[2] Effective June 30, 2022, the Legislature renumbered section 1170.95 as section 1172.6, with no substantive change in text. (Stats. 2022, ch. 58, § 10.) We cite to section 1172.6 for ease of reference unless otherwise indicated.

admitted that he had personally inflicted great bodily injury upon a person over 70 years of age (§ 12022.7, subd. (c)); as to count 6, he admitted that he had personally used a firearm (§ 12022.53, subd. (b)) in the commission of the robbery; and as to counts 12, 13, and 14, he admitted that he had personally used a deadly and dangerous weapon, to wit, a semiautomatic gun (§ 12022, subd. (b)) during the commission of the offenses. In return, the remaining charges and enhancement allegations were dismissed, and defendant was immediately sentenced to the total agreed-upon term of 25 years in state prison.

On January 1, 2019, Senate Bill No. 1437 became effective, which amended the felony-murder rule and the natural and probable consequences doctrine as it relates to murder. (See Stats. 2018, ch. 1015, § 1, subd. (f).) Senate Bill No. 1437 also added former section 1170.95 (now section 1172.6), which created a procedure for offenders previously convicted of murder to seek retroactive relief if they could no longer be convicted of murder under the new law. (Stats. 2018, ch. 1015, § 4.) Effective January 1, 2022, Senate Bill No. 775 clarified that "persons who were convicted of attempted murder or manslaughter under a theory of felony murder and the natural probable consequences doctrine are permitted the same relief as those persons convicted of murder under the same theories." (Stats. 2021, ch. 551, § 1.)

On July 18, 2022, defendant in propria persona filed a petition for resentencing pursuant to former section 1170.95.

Defendant was appointed counsel and a hearing was held on August 19, 2022. At that time, the prosecutor informed the court that although defendant had been originally charged with attempted murder with great bodily injury on an elderly victim, he did not plead to that charge but to other nonapplicable offenses. After defense counsel concurred with the prosecutor, noting that he had "confirmed everything, of which counsel forwarded to [him]," the trial court denied the petition with prejudice. Defendant timely appealed.

III.

DISCUSSION

After defendant appealed, appointed appellate counsel filed a brief under the authority of *Wende*, *supra*, 25 Cal.3d 436 and *Anders*, *supra*, 386 U.S. 738, setting forth a statement of the case, a summary of the procedural background and potential issue of whether the court erred in denying defendant relief under section 1172.6, and requesting this court to conduct an independent review of the record.

We offered defendant an opportunity to file a personal supplemental brief, and he has not done so. Thus, no claim of error has been raised.

4

Our high court is currently considering whether an appellate court must conduct an independent review of the record when counsel files a *Wende* brief after the trial court denies a petition for resentencing under section 1170.95.  (*People v. Delgadillo*, rev. granted Feb. 17, 2021, S266305; see Cal. Rules of Court, rule 8.512(d)(2).)  Court of Appeal cases have consistently held that we are not required to conduct such a review and may dismiss an appeal as abandoned if the defendant does not file a supplemental brief.  (*People v. Cole* (2020) 52 Cal.App.5th 1023, 1031-1032, 1039-1040, review granted Oct. 14, 2020, S264278; *People v. Figueras* (2021) 61 Cal.App.5th 108, review granted May 12, 2021, S267870; *People v. Scott* (2020) 58 Cal.App.5th 1127, 1131, review granted Mar. 17, 2021, S266853.)  Some cases have explained that we have discretion to review the record independently for arguable issues, either where an initial review does not show the defendant is obviously ineligible for relief (such as when the defendant was convicted on a theory he was the actual killer) or as a routine matter.  (See *People v. Gallo* (2020) 57 Cal.App.5th 594, 598-599; *People v. Flores* (2020) 54 Cal.App.5th 266, 269-274.)

In this case, we conclude defendant is not entitled to *Wende* review of an order denying his petition for resentencing under section 1172.6.  Review pursuant to *Wende*, or its federal constitutional counterpart *Anders*, is required only in the first appeal of right from a criminal conviction.  (*Pennsylvania v. Finley* (1987) 481 U.S. 551, 555; *Conservatorship of Ben C.* (2007) 40 Cal.4th 529, 536-537; *People v. Serrano* (2012) 211 Cal.App.4th 496, 500-501 (*Serrano*).)  The constitutional right to counsel extends to the

first appeal of right, and no further. (*Serrano*, *supra*, at pp. 500-501.) The appeal before us, "although originating in a criminal context, is not a first appeal of right from a criminal prosecution, because it is not an appeal from the judgment of conviction." (*Id.* at p. 501.) While a criminal defendant has a right to appointed counsel in an appeal from an order after judgment affecting his substantial rights (Pen. Code, §§ 1237, 1240, subd. (a); Gov. Code, § 15421, subd. (c)), that right is statutory, not constitutional. Thus, defendant is not entitled to *Wende* review in such an appeal. (See *Serrano*, *supra*, at p. 501 [no *Wende* review for denial of postconviction motion to vacate guilty plea pursuant to section 1016.5].)

Applying *Serrano* here, defendant has no right to *Wende/Anders* review of the denial of his section 1172.6 petition for resentencing. Furthermore, because defendant has not raised any claim of error, and because this appeal concerns a postjudgment proceeding in which there is no constitutional right to counsel, we will dismiss defendant's appeal as abandoned.

We note, however, that the result would be the same even if we were to exercise our discretion to conduct an independent review. Defendant is not eligible for relief under section 1172.6 as he was not convicted of attempted murder, murder, or manslaughter. The trial court correctly denied defendant's petition with prejudice.

IV.

DISPOSITION

The appeal is dismissed as abandoned.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

CODRINGTON
J.

We concur:


MILLER
Acting P. J.


MENETREZ
J.

7